Lazarus v. Cleve. House. Sup. Co. No. 20147. Dock. 11-1-26, 4 Abs. 742; OS. Pend. 4 Abs. 802. Mo. to cer. ov. 5 Abs. 11. **?**

Lake Shore Elec. Co. v. Ordway (Admr.). No. 20153. Dock. 11-3-26; OA. 4 Abs. 763. Mo. to cer. ov. 4 Abs. 511.

Larkin et v. Routson et. No. 19795. Dock. 4-29-26, 4 Abs. 302; OS. Pend. 4 Abs. 353. Judg. aff. in pt. and Rev. in pt. 5 Abs. 44.

Lubin v. King Flour Mills Co. No. 19982. Dock. 7-16-26, 4 Abs. 493; OS. Pend. 4 Abs. 666. Mo. to cer. ov. 5 Abs. 59.

Lynch v. Bd. of Ed. (Lakewood.. No. 19988. Dock. 7-19-26, 4 Abs. 510. OS. Pend. 4 Abs. 669. Mo. to cer. all. 5 Abs. 11.

McCone v. Conn. No. 20178. Dock. 11-20-26, 4 Abs. 790; OA. 4 Abs. 751; Mo. to cer. ov. 5 Abs. 14.

McCutcheon et v. Harig et. No. 20145. Dock. 11-1-26, 4 Abs. 742; OS. Pend. 4 Abs. 803. Mo. to cer. ov. 5 Abs. 11.

Mich. Auto. In. v. Van Buskirk. No. 19964. Dock. 3-2-26, 4 Abs. 160; OS. Pend. 4 Abs. 336. App. rev. Com. P. aff. 5 Abs. 59.

Nappi et v. Wilson. No. 20162. Dock. 11-23-26, 4 Abs. 790; OA. 4 Abs. 766. Mo. to cer. ov. 4 Abs. 766. N. Y. Ch. & St. L. R. R. Co. v. Nucifer. No. 20160. Dock. 11-5-26, 4 Abs. 759; OS. Pend. 4 Abs. 803. Mo. to cer. ov. 5 Abs. 11.

Penn. R. R. v. P. U. C. No. 20007. Dock. 7-26-26, 4 Abs. 511; OS. Pend. 4 Abs. 667. Order rev. 5 Abs. 11.

Rathbun v. State. No. 20149. Dock. 11-2-26, 4 Abs. 742; OS. Pend. 4 Abs. 786. Mo. to cer. ov. 5 Abs. 11.

Rech v. Kraft et. No. 20069. Dock. 8-24-26, 4 Abs. 623; OS. Pend. 4 Abs. 755. Mo. to cer. ov. 5 Abs. 11.

Roberts v. Montgomery. No. 19674. Dock. 3-9-26, 4 Abs. 176; Judg. rev. & judg. for pl. in err. 5 Abs. 10.

Republic Iron & St. Co. v. Gonzalez. No. 20152. Dock. 11-3-26, 4 Abs. 758; OS. Pend. 4 Abs. 819. Mo. to cer. ov. 5 Abs. 11.

Rose Co. v. Ross. No. 20181. Dock. 11-22-26, 4 Abs. 791; OA. 4 Abs. 812; Mo. to cer. ov. 5 Abs. 12.

Schickling v. Post Pub. Co. No. 19951. Dock. 7-5-26, 4 Abs. 475; OS. Pend. 4 Abs. 618; Judg. aff. 5 Abs. 28.

Seiple-Wolf Co. v. Ayers et. No. 20163. Dock. 11-9-26, 4 Abs. 774; OS. Pend. 4 Abs. 873; Mo. to cer. ov. 5 Abs. 11.

Steeley v. State. No. 20154. Dock. 11-4-26, 4 Abs. 758; OA. 4 Abs. 763. Mo. to cer. all. 5 Abs. 11.

State v. Carr. No. 20216. Dock. 12-16-26. 4 Abs. 867; OA. 4 Abs. 578; Mo. to file pet. in err. ov. 5 Abs. 60.

State ex Hess v. Smith. No. 19998. Dock. 7-19-26, 4 Abs. 510; OS. Pend. 4 Abs. 669; Mo. to cer. all. 5 Abs. 11.

Tohle v. Lima (City). No. 20082. Dock. 9-3-26, 4 Abs. 623; OS. Pend. 4 Abs. 756; Mo. to cer. ov. 5 Abs. 11.

Tol. Term. R. R. Co. v. Hughes. No. 19841. Dock. 5-25-26, 4 Abs. 358; OS. Pend. 4 Abs. 509. Judg. app. rev. Com. P. aff. 5 Abs. 10.

Weisflock et v. Sigling et. No. 20081. Dock. 9-2-26, 4 Abs. 623; OA. 4 Abs. 794; OS. Pend. 4 Abs. 756. Mo. to cer. all. 5 Abs. 28.

Welsch et v. Hallen. No. 20238. Dock. 12-29-26, 5 Abs. 27; OA. 5 Abs. 53. Mo. to cer. ov. 5 Abs. 60.

Yeiter et. v. Weigman. No. 20233. Dock. 12-27-26, 5 Abs. 27; OA. 5 Abs. 52. Mo. to cer. ov. 5 Abs. 60.

---

# Weekly Abstract of PENDING CASES

**EXPLANATION.** The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

---

## No. 119
### First Publication of this Case
### STATE v. PENN RD. CO.
No. 20204. Supreme Court

On motion to certify. Dock. Dec. 6, 1926, 4 Abs. 833.

**991. RAILROADS**—Where an overhead bridge across a railroad's right of way is built by a railroad under contract with county commissioners and same is later condemned, is the duty upon the railroad to replace or repair same?

Over twenty years ago, commissioners of Noble County entered into a contract with the Pennsylvania Railroad Co. to maintain a overhead crossover for vehicular traffic across their right of way. Since then, this has been condemned. The State contends in the Supreme Court:

1. That it is the palin statutory duty of the railroad company to reconstruct and make reasonably adequate the crossing involved, at its own expense. Sec. 3324 GC.

2. That 8843 GC. has reference to all crossings, without regard to whether tehy are grade br otherwise. The only excepted crossing are certain separate crossings covered by special legislation.

**Attorneys**—C. C. Crabbe and J. C. Williams, Columbus, for State; Scott & Scott, Cambridge, for Company.

---

## No. 120
### First Publication of this Case
### THORNTON v. PORTER
No. 20265. Supreme Court

On motion to certify. Dock. Jan. 12, 1927, 5 Abs. 43.

**615. HUSBAND & WIFE**—Are funeral expenses of deceased wife payable out of her estate, or must husband pay same out of his own funds when able to do so?

Thornton contends in the Supreme Court that a deceased wife's estate should bear all costs of funeral expenses and that he should not be liable for same.

**Attorneys**—F. E. Cherrington for Thornton; R. M. Switzer for Porter; both of Gallipolis.

(Continued on page 95)